UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 97-0956 VAP | Date | November 15, 2012 |
|---|---|---|---|
| Title | Webb v. Chappell (DEATH PENALTY) | | |

| Present: The Honorable | Virginia A. Phillips | |
|---|---|---|
| Marva Dillard | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus and Stay the Proceedings

    The Court has now reviewed Petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus and Stay the Proceedings (Motion), Respondent's Opposition, and Petitioner's Reply.

    Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with leave of court, and that a court "should freely give leave when justice so requires." In determining whether to grant a motion pursuant to Rule 15(a), courts should consider: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

    A district court may not adjudicate "mixed" petitions and, instead, "must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). However, a district court may stay a "mixed" petition and hold the federal proceedings in abeyance to allow the petitioner to exhaust his claims in state court if: 1) good cause exists for his failure to exhaust all of the claims in state court before filing the federal petition; 2) the unexhausted claims are potentially meritorious and not plainly meritless; and 3) nothing indicates that he has engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

    Here, Petitioner has satisfied the criteria under Rule 15(a) and Rhines. The new evidence upon which Petitioner seeks to amend the petition is Respondent's February 1, 2010 letter attaching the FBI's determination that the testimony of its examiner Ernest Roger Peele, who testified as an expert for the prosecution at Petitioner's trial, is not supported by science and fundamentally flawed. Specifically, Peele's ammunition testimony directly linked Petitioner to the murder weapon in this case. Especially given the fact that this case is now more than two decades old, the delay in obtaining and providing this relevant evidence is outrageous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 97-0956 VAP | Date | November 15, 2012 |
|---|---|---|---|

| Title | Webb v. Chappell (DEATH PENALTY) |
|---|---|

Initials of Deputy Clerk cls for MD

      Accordingly, leave to file the Second Amended Petition (SAP) is granted and the SAP is deemed filed <u>nunc</u> <u>pro</u> <u>tunc</u> as of the date it was lodged, January 26, 2011.  The proceedings are stayed while the parties await the ruling by the California Supreme Court on the exhaustion petition, and the briefing schedule on Petitioner's § 2254(d) brief is vacated.  Petitioner shall file quarterly reports commencing within 30 days of this order, until the California Supreme Court completes its review of the exhaustion petition.  Petitioner shall file in this Court a copy of the final judgment of the California Supreme Court on the exhaustion petition within 30 days of its entry.

      **IT IS SO ORDERED**.

Initials of Deputy Clerk cls for MD